## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TAMMY RENEE RODDEN,

      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
CH-0714-19-0340-I-1

DATE: August 14, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Janet Constance</u>, Kansas City, Missouri, for the appellant.

<u>Robert J. Harrison</u>, Hot Springs, Arkansas, for the appellant.

<u>Ruth Russell</u>, Esquire, Kansas City, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

¶1       The appellant has filed a petition for review of the initial decision, which affirmed her removal pursuant to 38 U.S.C. § 714. For the reasons discussed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant was a GS-6 Practical Nurse for the agency.  Initial Appeal File (IAF), Tab 8 at 16.  Suspecting that the appellant was abusing sick leave, on January 9, 2019, her supervisor placed her under a leave restriction, which provided in relevant part as follows:

> Effective immediately, you are required to present me a statement from your private physician for any absence you claim is due to sickness for you or a family member. This statement is to indicate the date(s) you visited the doctor and his/her statement that you were unable to report for duty for the entire period of your absence on the first day you return to duty. Sick leave must be requested on the first day of the absence.

*Id.* at 62.

¶3    Subsequently, on March 27, 2019, the agency proposed the appellant's removal for attendance-related incidents occurring both before and after the leave restriction letter, ranging from November 2018 to March 2019.  *Id.* at 28-31.  In its proposal notice, the agency charged the appellant with three specifications of failure to follow sick leave abuse restriction memorandum, five specifications of absence without leave (AWOL), and seven specifications of failure to follow leave requesting procedures.  *Id.* at 28-29.  After the appellant responded, the deciding official issued a decision removing her effective April 17, 2019.  *Id.* at 16, 22-27.  The deciding official sustained all three charges and all the supporting specifications except for Charge 2, Specification 2.  *Id.* at 22.  The agency removed the appellant pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified at 38 U.S.C. § 714).

¶4 The appellant filed a Board appeal, challenging the merits of the removal and raising affirmative defenses of harmful procedural error and retaliation for filing a prior Board appeal. IAF, Tab 1 at 3, 5, Tab 18 at 2-5. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 38, Initial Decision (ID). The administrative judge sustained all three charges, but she did not sustain Charge 1, Specification 3 or Charge 3, Specifications 1 and 6. ID at 10-18. She found that the appellant failed to prove her affirmative defenses, and that the removal penalty was reasonable and promoted the efficiency of the service.[2] ID at 18-22.

¶5 The appellant has filed a petition for review in which she does not contest the administrative judge's findings of fact or legal analysis and instead argues that the agency violated the Family and Medical Leave Act of 1993 (FMLA) and the administrative judge abused her discretion when she excluded evidence pertaining to her rights under the FMLA, that Charges 1 and 2 should have been merged, and that the agency committed harmful procedural error by violating the Master Labor Agreement between the agency and the American Federation of Government Employees.[3] Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review. PFR File, Tab 3.

---

[2] On review, the parties do not challenge the administrative judge's finding that the agency proved that a nexus exists between the appellant's misconduct and the efficiency of the service. ID at 9, 18-19. We find no reason to disturb that finding and have not addressed it further.

[3] The appellant does not challenge the administrative judge's findings on her affirmative defense of retaliation for filing a prior Board appeal. We find that the administrative judge applied the correct standard, and, for the reasons explained in the initial decision, we agree with her that the appellant did not prove this claim. ID at 19-20. The appellant's prior Board appeal did not include any allegation of whistleblower reprisal. *Rodden v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-16-0519-I-1.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge did not abuse her discretion by rejecting the appellant's untimely evidence concerning the FMLA.</u>

¶6     The FMLA allows an employee to take up to 12 weeks of leave per year (paid or unpaid) for various purposes, subject to certain notice and certification requirements. *See* 5 U.S.C. §§ 6382-6383; *Dias v. Department of Veterans Affairs*, 102 M.S.P.R. 53, ¶ 5 (2006), *aff'd per curiam*, 223 F. App'x 986 (Fed. Cir. 2007); 5 C.F.R. §§ 630.1203(a)-(b), .1207-.1208. The agency bears the burden of proving that it complied with the FMLA as part of its overall burden of proving a leave-based charge. *Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 8 (2009), *aff'd per curiam*, 402 F. App'x 521 (Fed. Cir. 2010). Nevertheless, an agency does not have the burden of proving the appellant's nonentitlement to FMLA leave in all cases where the FMLA could potentially be implicated. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 74 (1997). Unless an appellant raises nonfrivolous factual allegations, or the agency's evidence or allegations otherwise show that FMLA-qualifying leave was involved, the Board will not examine this issue or require the agency to disprove her entitlement to FMLA leave. *Id.*

¶7     Here, the administrative judge notified the parties on May 6, 2019, that, no later than May 31, 2019, they must file prehearing submissions identifying all facts and issues to be adjudicated. IAF, Tab 4 at 2. The administrative judge explicitly warned the parties that, "[i]n presenting evidence at the hearing, you will be limited by your prehearing submissions, except for good cause shown." *Id.* at 3. In her prehearing submission, the appellant's only mention of the FMLA was that she was submitting as an exhibit "Medical Certification for FMLA Form from a health care provider, but when the Appellant tried to give the form to turn in it was not accepted." IAF, Tab 12 at 5-6. However, the exhibits included with the appellant's prehearing submission did not actually include any such document. IAF, Tab 14. Nor was the FMLA issue mentioned in the subsequent

prehearing conference summary or the appellant's response thereto. IAF, Tabs 18, 21.  It was not until the morning of the scheduled hearing on July 29, 2019, that the appellant filed a series of unexplained FMLA documents. IAF, Tab 32 at 1, Tab 33.  At the beginning of the hearing, the administrative judge addressed the appellant's filings and excluded the FMLA-related documents from evidence because they were untimely filed without any showing that they were previously unavailable and the agency would be prejudiced if they were admitted.  Hearing Recording (HR), Track 1 at 0:55.

¶8      Administrative judges have broad discretion to govern the proceedings before them, including the authority to rule on offers of proof and receive relevant evidence.  *Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 27 (2004); 5 C.F.R. § 120.41(b)(3).  The Board will review such rulings under an abuse of discretion standard.  *Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 11 (2012).  In this case, we find that the administrative judge did not abuse her discretion in excluding these documents from the record because they were untimely submitted under the terms of her order, and the appellant has not shown, or even alleged, that they were previously unavailable despite her due diligence. IAF, Tab 4 at 2; *see Fritts v. Department of Homeland Security*, 102 M.S.P.R. 265, ¶ 15 n.2 (2006) (finding that an administrative judge acted within his discretion when he excluded exhibits that an appellant offered for the first time on the day of the hearing when the appellant did not explain why he could not have submitted this evidence in a timely manner).  The appellant had more than 3 weeks to produce these documents under the terms of the order, but she waited an additional 2 months after the deadline only to submit them on the morning of the hearing.[4]  The appellant argues that the agency would not be prejudiced by the

---

[4] The appellant suggests that the administrative judge's ruling was premised on her misapprehension that the FMLA issue was an affirmative defense. PFR File, Tab 1 at 6; IAF, Tab 34 at 12; *see Ellshoff*, 76 M.S.P.R. at 74.  However, based on our review of the hearing recording, we find that the administrative judge's ruling was based solely on the untimeliness of the appellant's filing, and that she mentioned the appellant's affirmative defenses submission as only one in a long series of missed opportunities for

delay in submitting this evidence because the agency was already aware that she had invoked the FMLA in requesting leave for some of the absences at issue. PFR File, Tab 1 at 6. However, the agency was not aware that the appellant intended to raise the FMLA issue in her Board appeal, and we find that, by waiting until the morning of the hearing to do so, the appellant deprived the agency of any reasonable opportunity to prepare its case. The appellant's vague allusion in her prehearing submission to an undated "Medical Certification for FMLA Form" did not constitute a nonfrivolous allegation that FMLA-qualifying leave was involved, sufficient to trigger the agency's burden under *Ellshoff*. IAF, Tab 12 at 6.

¶9      Moreover, even assuming that the administrative judge's ruling constituted an abuse of discretion, the appellant has not shown that she was prejudiced by it. It is well-settled that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). The appellant asserts, without further explanation, that she attempted to raise the FMLA issue "in conjunction with the AWOL charge." PFR File, Tab 1 at 7; IAF, Tab 34 at 13. However, the FMLA documents pertain chiefly to the illness of the appellant's husband in late 2017 and early 2018. IAF, Tab 33 at 4-7, 10-20. We are unable to discern any connection between this FMLA request and the appellant's unauthorized absences in late 2018 and early 2019, which supported the removal action. The record contains another FMLA request for the appellant's own medical condition, which was expected to last from January 24 to 26, 2019. *Id.* at 8. However, none of the specifications underlying the appellant's removal include those dates. IAF, Tab 8 at 28-29. Finally, the appellant argues that the agency's own records show that she requested FMLA leave during the time period at issue. PFR File, Tab 1 at 8; IAF, Tab 8 at 35. However, the only entries indicating that FMLA was requested were for

_____

the appellant to have raised the issue. HR, Track 1 at 0:55.

February 14 and 15, 2019, and none of the specifications cover those dates. IAF, Tab 8 at 28, 35. For these reasons, we find that the appellant has not shown that the outcome of the initial decision might have been different had the administrative judge considered her untimely submission. *See Jackson v. Department of Defense*, 28 M.S.P.R. 463, 465 (1985) (finding that a presiding official's error in issuing her initial decision before the record closed was harmless because the documents the appellant sought to submit below would not have changed the outcome).

<u>The administrative judge did not err in finding that the appellant failed to prove her affirmative defense of harmful procedural error based on alleged violations of provisions of the collective bargaining agreement.</u>

¶10    To prove that the agency committed a harmful procedural error under 5 U.S.C. § 7701(c)(2)(A), the appellant must show that the agency committed an error in the application of its procedures that is likely to have caused it to reach a different conclusion from the one it would have reached in the absence or cure of the error. *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r). The Board treats provisions of a collective bargaining agreement in the same manner as agency regulations, and a violation of those provisions may constitute harmful error. *See LeBlanc v. Department of Transportation*, 60 M.S.P.R. 405, 417 (1994), *aff'd*, 53 F.3d 346 (Fed. Cir. 1995) (Table); *De Sousa v. Agency for International Development*, 38 M.S.P.R. 522, 526 (1988). The appellant bears the burden of proving her affirmative defenses by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C).

¶11    In this case, the appellant makes two separate arguments concerning the agency's alleged violations of the Master Labor Agreement. PFR File, Tab 1 at 7-12; IAF, Tab 27. First, she argues that the agency violated Article 24, Section 4 of the Master Labor Agreement, which places certain restrictions on the creation, keeping, and use of notes created by supervisors about their subordinates. PFR File, Tab 1 at 7-9; IAF, Tab 27 at 132. The appellant alleges

that her supervisor violated these provisions by keeping track of her absences on a calendar outside an official system of records and using the information on the calendar to help other officials formulate the charges without ever disclosing the calendar to the appellant. PFR File, Tab 1 at 8-9; IAF, Tab 8 at 70, 77, 82, 84-92. As an initial matter, we disagree with the administrative judge that the appellant failed to raise this argument prior to the hearing. ID at 22.

¶12 We find that she timely raised it in her May 21, 2019 submission on affirmative defenses. IAF, Tab 3 at 4, Tab 7 at 8. However, we agree with the administrative judge's alternative finding that any procedural error related to the calendars was not harmful because the calendars were merely a way for the appellant's supervisor to summarize information that was maintained elsewhere. ID at 22. The appellant argues that the agency failed to identify the sources of information from which the calendars were created, but we disagree. PFR File, Tab 1 at 9. The dates, times, and approval status of the appellant's absences are reflected in her time and attendance sheets, and whether the appellant utilized the nurse call-in line to notify the agency of an unexpected absence is reflected in the nurse call-in line records. ID at 16; IAF, Tab 8 at 71-76, 78, 81, 83. The appellant's remaining arguments on this issue go to whether the supervisor violated the Master Labor Agreement, but do not address whether such violation likely caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. PFR File, Tab 1 at 9; *see Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 14 (2016) (explaining that the Board will not presume an error is harmful).

¶13 Second, the appellant argues that the agency violated Article 35, Section 1 of the Master Labor Agreement when it used her approved absences as a basis for disciplinary action. PFR File, Tab 1 at 9-12; IAF, Tab 27 at 203. She argues that several of the specifications under Charges 1 and 3 involved approved leave. PFR File, Tab 1 at 10. However, we agree with the administrative judge that, under the plain language of the proposal, the agency did not discipline the

appellant for taking leave on those dates, but instead disciplined her for failure to request leave properly. ID at 21; IAF, Tab 8 at 28. As the administrative judge correctly found, the Board has generally distinguished the failure to follow leave procedures from the taking of leave. ID at 21; *see Wilkinson v. Department of the Air Force*, 68 M.S.P.R. 4, 7 (1995) (finding that an agency may pursue charges related to failure to follow correct leave procedure even if the leave request was ultimately approved).

¶14 The appellant attempts to distinguish *Wilkinson* on the basis that the instant appeal involves a Master Labor Agreement. PFR File, Tab 1 at 11-12. However, we see nothing in the Master Labor Agreement that is inconsistent with the Board's holding in *Wilkinson*, and we find the appellant's arguments to the contrary unconvincing. IAF, Tab 7 at 203. We therefore conclude that the appellant has not shown any violation of the Master Labor Agreement, much less a violation that rises to the level of harmful error.

¶15 Therefore, on remand, the assigned administrative judge may incorporate these findings in the new initial remand decision. However, if any argument or evidence presented by the parties concerning the issues on remand, as set forth below, affects the administrative judge's analysis of these issues, the administrative judge should address such argument or evidence in the remand initial decision.

<u>We nevertheless remand the appeal for the assigned administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in reviewing the proposed removal for substantial evidence was harmful.</u>

¶16 After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of

a disciplinary action taken under 38 U.S.C. § 714.[5]  The court in *Rodriguez* found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that an agency's deciding official must "determine[]" whether "the performance or misconduct . . . warrants" the action at issue, applying a preponderance of the evidence burden of proof.  *Id.* at 1298-1301 (quoting 38 U.S.C. § 714(a)(1)).  The Board subsequently issued the decision in *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 21-24, in which it found that it was appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to an agency's improper application of the substantial evidence standard to its review of proposed actions taken under 38 U.S.C. § 714.  The Board also held that the Federal Circuit's holding in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place.  *Semenov*, 2023 MSPB 16, ¶ 22.

¶17        In describing the applicable burden of proof in appeals of actions taken under 38 U.S.C. § 714 in the initial decision, the administrative judge accurately noted that under the VA Accountability Act, the Secretary's role is to determine whether the decision is "warranted," and that the Board must then determine whether the decision is "supported by substantial evidence," providing some distinction between the Board's standard of review and the agency's burden of proof.  ID at 7-8 (quoting 38 U.S.C. § 714(a)).  Despite making this distinction, the administrative judge did not explicitly find that the agency applied a preponderant evidence burden of proof in its internal review of the charges against the appellant, nothing in the hearing testimony indicates that the deciding official applied a preponderant evidence burden of proof, and the deciding official specified in the decision letter that the charges were supported by substantial evidence.  IAF, Tab 8 at 22; HR, Track 2 at 0:20-11:06 (testimony of the deciding official).  The administrative judge and the parties did not have the

---

[5] The VA Accountability Act was signed into law on June 23, 2017, prior to all of the events at issue in this appeal.

benefit of *Rodriguez*, and therefore were unable to address its impact on this appeal. Accordingly, we remand this appeal for adjudication of whether the agency's apparent application of the substantial evidence standard of proof was harmful error. *See Semenov*, 2023 MSPB 16, ¶ 22. On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument, including a supplemental hearing, addressing whether the agency's use of the substantial evidence standard in the removal decision constituted harmful error. *Id.*, ¶ 24. The administrative judge should then address this affirmative defense in the remand initial decision.

On remand, the assigned administrative judge should also allow the parties to supplement the record regarding whether the agency considered the *Douglas* factors in analyzing the penalty and should determine whether the agency proved by substantial evidence that the penalty of removal was reasonable.

¶18     After the initial decision was issued, the Federal Circuit also issued its decision in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021). In *Connor*, the court determined that the agency and the Board must consider and apply the nonexhaustive factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under 38 U.S.C. § 714. *Connor*, 8. F4th at 1325-26; *see Semenov*, 2023 MSPB 16, ¶¶ 44-50 (stating that, consistent with the Federal Circuit's decision in *Connor*, the agency and the Board must apply the *Douglas* factors in reviewing the penalty in an action taken under 38 U.S.C. § 714). The court held that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors" and that, although the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor*, 8 F.4th at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that, "if the [Board] concludes that the [agency's] removal decision is

unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings")).

¶19    In the initial decision, the administrative judge considered the reasonableness of the agency's chosen penalty and determined that the agency did not act "outside the bounds of reasonableness" in deciding to remove the appellant, noting the fact that the agency had considered relevant factors in determining the appropriate penalty, including the frequency of the appellant's infractions, her prior discipline, the fact that the appellant failed to respond to progressive discipline, and the impact of the appellant's absences on the agency's mission and employee morale.  ID at 18-19.  Despite this, in discussing the agency's burden of proving a charge under 38 U.S.C. § 714 in her prehearing conference order, the administrative judge noted that the Board does not have the authority to mitigate the penalty in an action brought under section 714, and consequently, that the Board "does not apply the *Douglas* factors in Section 714 cases," and that she would "not delve into the issue of what factors the agency relied on to choose the penalty."  IAF, Tab 18 at 2-3.  Additionally, the removal decision does not specifically identify that the deciding official considered the relevant *Douglas* factors or cite to the Board's decision in *Douglas*.  IAF, Tab 8 at 22.

¶20    However, in her hearing testimony, the deciding official identified that she considered the appellant's response and "potential mitigation" but decided that a lesser penalty was not appropriate based on the appellant's rejection of the offered last chance agreement.  HR, Track 2 at 2:50-3:20, 7:25-8:05 (testimony of the deciding official).  The deciding official also noted the fact that the appellant had a prior suspension and acknowledged that removal was generally "the next step" in progressive discipline following the appellant's prior 30-day suspension.  HR, Track 2 at 8:05-8:20 (testimony of the deciding official); IAF, Tab 8 at 22.  Additionally, although the decision letter did not cite to the Board's decision in *Douglas* or specifically indicate that the deciding official considered the *Douglas*

factors, the decision does note that the deciding official considered the frequency of the appellant's absences, the fact that she was "on notice" that attendance was a crucial part of her position based on her prior admonishment for attendance-related issues, and that the appellant's misconduct was affecting the agency's mission and the morale of the unit, and acknowledged the appellant's 4 years of service and a 2017 performance award. IAF, Tab 8 at 22; *see Douglas*, 5 M.S.P.R. at 305-06 (providing a nonexhaustive list of factors relevant to penalty determinations, including, among other things, the nature and seriousness of the offense including whether it was frequently repeated, the employee's past disciplinary record, the employee's past work record, including length of service and job performance, and the clarity with which the employee was on notice of any rules that were violated or had been warned about the conduct in question).

¶21      Thus, the record is unclear as to whether the agency properly considered the relevant *Douglas* factors in deciding to remove the appellant. The administrative judge and the parties did not have the benefit of *Connor*, and therefore were unable to address its impact on this appeal. Accordingly, remand is required for this issue as well. On remand, the assigned administrative judge should permit the parties to submit additional evidence and argument on the penalty issue, including permitting the parties to present evidence at the supplemental hearing. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *Id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers*, 954 F.3d at 1375-76, 1379).[6]

---

[6] If remanded to the agency, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *See Brenner*, 990 F.3d at 1324 (observing that the VA Accountability Act maintains due process protections for employees); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir. 1999).

**ORDER**

¶22     For the reasons discussed above, we remand this appeal to the Central Regional Office for further adjudication in accordance with this Remand Order. As outlined above, the assigned administrative judge shall address whether the agency's error in applying the substantial evidence burden of proof to its action was harmful. *See Semenov*, 2023 MSPB 16, ¶ 24. If the administrative judge determines that the agency's error in applying the incorrect burden of proof was not harmful, then she shall determine whether the agency proved by substantial evidence that it applied the relevant *Douglas* factors, and that the penalty was reasonable. The administrative judge may, if appropriate, incorporate into the remand decision her prior findings concerning the agency's proof of its charges.[7]

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[7] If the administrative judge finds that the agency committed harmful error such that the disciplinary action is not sustained, the administrative judge need not address the penalty issue.